FILED
SEP 02 2015
9-2-15
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 15 CR 534 |
| v. | Violation: Title 18, United States Code, Section 1347 |
| ARTHUR DAVIDA | |

JUDGE THARP

MAGISTRATE JUDGE VALDEZ

The UNITED STATES ATTORNEY charges:

1. At times material to this Information:

   a. Medicare was a Federal health care program that provided free and below-cost health care benefits, including, among other things, medically necessary in-home health care services for persons who were confined to their homes. A patient was eligible for home health care coverage if, among other conditions, that patient had a condition due to illness or injury that restricted the person's ability to leave his or her place of residence.

   b. Medicare typically approved the provision of home health care to patients who were confined to their homes in 60-day periods. The 60-day periods were referred to as cycles or episodes, and an initial cycle of home health care was known as a Start of Care cycle. A physician was required to approve a patient's plan of care, which was typically prepared by the home health agency, and to certify that the patient was confined to his or her home on a Home Health Certification and Plan of Treatment, sometimes known as a Form 485. Subsequent cycles were referred to as "recertifications" because a patient was required to be recertified by a physician to receive additional 60-day cycles of home health care. A subsequent Start of Care cycle, after a patient had been discharged from a home health agency, was a repeat admission. Repeat admissions required a physician to approve a patient's plan of care, which was typically

prepared by the home health agency, and to certify that the patient was confined to his or her home.

c. Defendant ARTHUR DAVIDA was a physician licensed in Illinois, was the medical director and part owner of Home Care Physicians, and conducted home visits with patients of Home Care Physicians.

d. Home Health Agency A was a licensed provider of home health care services and was located in the Northern District of Illinois. Home Health Agency A provided home health care services to clients who purportedly were confined to their homes and through its officers and agents submitted claims to Medicare for reimbursement for home health care services purportedly provided to clients.

2. Beginning no later than approximately January 2010, and continuing through August 2013, at Bloomingdale, in the Northern District of Illinois, Eastern Division, and elsewhere,

ARTHUR DAVIDA,

defendant herein, participated in a scheme to defraud a health care benefit program, namely Medicare, and to obtain, by means of false and fraudulent representations, money under the control of a health care program, namely Medicare, in connection with the delivery of and payment for health care services.

3. It was part of the scheme that defendant DAVIDA agreed to cause home health agencies, including Home Health Agency A, to bill Medicare for services that he knew were medically unnecessary, namely, home health services, by falsely certifying that patients were confined to their homes and entitled to such services when those patients did not qualify for such services because they were not confined to their homes and did not require such services.

4. It was further part of the scheme that defendant DAVIDA signed and caused to be signed multiple Form 485s in which he falsely certified that patients were confined to their homes and required home health services.

5. It was further part of the scheme that, as a result of the false certifications on the Form 485s, defendant DAVIDA caused home health agencies to submit bills to Medicare seeking payment for services that he knew did not qualify for payment because the patients were not confined to their homes and did not need home health services.

6. It was further part of the scheme that, for example, on or about May 30, 2012, defendant DAVIDA signed and caused to be signed the Form 485 ordering Home Health Agency A's services for Patient EC. In so doing, defendant DAVIDA falsely certified that Patient EC was "confined to his home" and "needs intermittent skilled nursing care."

7. It was further part of the scheme that on or about July 10, 2012, Home Health Agency A submitted a claim to Medicare seeking payment for the services provided by Home Health Agency A for Patient EC from May 9, 2012 through July 7, 2012, even though payment on this claim was not warranted because Patient EC was not confined to his home and since the claim was based in part on false statements about Patient EC.

8. It was further part of the scheme that defendant DAVIDA did misrepresent, conceal and hide, and cause to be misrepresented, concealed and hidden, the purposes and acts done in furtherance of the scheme.

9. On or about July 10, 2012, in the Northern District of Illinois, Eastern Division, and elsewhere,

## ARTHUR DAVIDA,

defendant herein, did knowingly and willfully execute the scheme by causing to be submitted to Medicare a claim seeking payment for skilled nursing services that were provided by Home Health Agency A to Patient EC from on or about May 9, 2012 through July 7, 2012 and that did not qualify for payment because Patient EC was not confined to the home and because the services were not medically necessary;

All in violation of Title 18, United States Code, Section 1347.

Zachary T. Fardon by JBP
UNITED STATES ATTORNEY